## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

GEORGE MARTIN and JANET MARTIN,
Husband and Wife,

                  Plaintiffs,

vs.

INTERSTATE BATTERY SYSTEM OF
AMERICA, INC., et al.,

                  Defendants.

Case No.12-CV-184-JED-FHM

### OPINION AND ORDER

Plaintiffs' motion to compel, [Dkt. 70], is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed, [Dkt. 70, 75, 77], and is ripe for decision. Plaintiff's motion is DENIED.

Plaintiffs' motion seeks to compel answers to interrogatories and responses to requests for production of documents. Plaintiffs' opening brief cites general complaints about the alleged insufficiency of Defendants' discovery responses, but Plaintiffs' brief does not make clear what information Plaintiffs want produced. The argument section of Plaintiff's brief relies on a version of Fed. R. Civ. P. 26 that was significantly changed in 2000. Consequently, the case law cited in Plaintiffs' brief is outdated and inapplicable to the instant case.[1]

In their reply brief Plaintiffs state that the primary discovery dispute remaining is "Defendants['] refusal to produce any documents or other information (kept in any format)

---

[1]The version of Rule 26 cited by Plaintiffs provided that parties "may obtain discovery regarding any matter, not privileged, which is <u>relevant to the subject matter</u> involved in the pending action . . ." Rule 26 was amended in 2000, narrowed the scope of discovery and now provides: "Parties may obtain discovery regarding any nonprivileged matter that is <u>relevant to any party's claim or defense</u>[.]" Fed.R.Civ.P. 26.

concerning other exploding JCI batteries of the same or similar make that have occurred in the past five (5) years." Plaintiffs do not identify which discovery requests address this information. The discovery requests identified in Plaintiffs' opening brief, Interrogatory Nos. 4, 6, 7, 12, and 17, do not specifically request this information.[2] [Dkt. 70, pp. 41-44, 46-47]. Interrogatory No. 4 might be read to encompass the information, but that interrogatory is far too broad to be meaningful. Further, in its June 7, 2013 supplemental response to that interrogatory JCI represents that it produced responsive documents pursuant to the protective order "which relate to the design manufacture and testing of the product and the photographs and subject battery depicting the modifications." [Dkt. 70, p. 42]. Plaintiff has not discussed the documents that JCI provided or attempted to demonstrate that the documents constitute an insufficient response. Thus, even if relief were merited, Plaintiffs have not provided the court any basis upon which to grant relief.

Arguably, Interrogatory No. 17 might also encompass information that Plaintiff states is the subject of this discovery dispute. On June 7, 2013, Defendant Johnson Controls Battery Group, Inc. (JCI) provided a supplemental answer to Interrogatory No. 17, which asks JCI to identify complaints, lawsuits and claims "relating to the alleged defects of similar makes and models of the subject product[,]" Defendant JCI answered:

> Plaintiff has not alleged any defect with sufficient specificity to inform Defendants of what the alleged defect is. . . . Defendant sates that Mr. Jacobson has issued a report on behalf of Plaintiff which wrongly contends that the subject battery was defective for failing to include two warnings he has created and, to the best of Defendant's understanding, it is Plaintiff's

---

[2] In their reply brief Plaintiffs mentioned Request for Production Nos. 7 and 13 for the first time, but did not make any specific argument related to those requests. The court has not addressed those requests but finds that the same factors discussed herein apply equally to information sought in those requests.

intent to allege Mr. Jacobson's conclusion as the "the alleged defect." Accordingly, Defendant has searched to identify any complaints for the five (5) year period prior to Plaintiff's alleged accident with respect to the same make and model where the complaint contains allegations substantially similar to the opinion of the defect in Mr. Jacobson's May 1 2013 report. There were none. Defendant then broadened the search to determine if during that same period there were any allegations substantially similar to the opinion of defect in Mr. Jacobson's May 1, 2013 report for the other models of marine batteries sold by defendants. There were none. (The search was not limited to warnings. It included the underlying substance of the proposed warning to identify any occurrence where a claimant asserted a personal injury caused by an explosion due to plate growth and electrolyte loss resulting from overcharge.)

[Dkt. 70, pp.46-47]. The court finds that the foregoing response fairly answers the interrogatory. This case is a products liability lawsuit which addresses the injuries Plaintiff George Martin received when a deep cycle marine battery designed and manufactured by Defendant Johnson Controls Battery Group, Inc (JCI) exploded. Plaintiffs have identified a single expert witness who has testified to his opinion that overcharging the battery lead to its explosion. Plaintiffs' expert has not identified any specific design or manufacturing defect in the subject battery, except that the battery lacked sufficient warnings. [Dkt. 75-1, pp.3-8].

There is no merit to Plaintiffs' contention that Defendant's response is an attempt to unilaterally narrow Plaintiffs' case to a "failure to warn case" rather than a products liability case involving theories of manufacturing defects as the case was plead. [Dkt. 77, p. 3]. Defendant's response was based on the only defect (failure to warn) identified by Plaintiffs' expert witness. The court finds that Defendant has not impermissibly

reinterpreted Plaintiffs' discovery request, as Plaintiffs argue.   Rather, Defendant reasonably explained the scope of its answer.

Considering the content of Plaintiffs' expert's testimony, Defendant's adequate response to Interrogatory No. 17, the lack of specificity in Plaintiff's arguments, the fact that the date for identification of experts and submission of expert reports is long past (May 1, 2013), that Plaintiff's expert was deposed months ago (July 30, 2013), the fact that Plaintiffs' motion to compel was filed on October 11, 2013 when at the time the discovery deadline was set for October 31, 2013, and the four-times extended discovery deadline is set to expire on December 31, 2013, the court finds that Fed. R. Civ. P. 26(b)(2)(C)(iii)[3] is properly applied to deny Plaintiffs' motion to compel.

Plaintiffs also complain about the failure of the Defendants other than JCI to respond to discovery requests.   In their brief filed November 5, 2013, Defendants represented that the requests did not specify that they were directed to those Defendants and requested until November 15, 2013 in which to provide responses.   [Dkt. 75, pp. 13-14].   Defendants' request for additional time is granted.

Plaintiffs' Motion for an Order Compelling Responses and Documents [Dkt. 70] is DENIED.

SO ORDERED this 12th day of December, 2013.

*Frank H. McCarthy*

**FRANK H. McCARTHY**
UNITED STATES MAGISTRATE JUDGE

_____

[3]  Fed. R. Civ. P. 26(b)(2)(C)(iii) states the court must limit the extent of discovery otherwise allowed if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."