## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE MARTIN and<br>JANET MARTIN, Husband and Wife<br><br>Plaintiffs,<br><br>v.<br><br>INTERSTATE BATTERY SYSTEM<br>OF AMERICA, INC., a Texas Corporation;<br>JOHNSON CONTROLS BATTERY<br>GROUP, INC., a Wisconsin Corporation;<br>INTERSTATE ALL BATTERY<br>CENTER, INC., a Texas Corporation;<br>DISTRIBUTOR OPERATIONS, INC.,<br>A Texas Corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 12-CV-184-JED-FHM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Defendants' Omnibus Motion in Limine (the "Motion") (Doc. 106). The Motion includes 12 separate categories of potential evidence as to which defendants seek a pretrial ruling of exclusion.

### I.      General Considerations on Motions in Limine

Although the Federal Rules do not specifically authorize motions in limine, courts have long recognized the potential utility of pretrial rulings under the inherent powers of the district courts to manage the course of trial proceedings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008) *aff'd*, 402 F. App'x 337

(10th Cir. 2010) (internal quotations omitted).  While pretrial limine rulings can save time and avoid interruptions at trial, a court is almost always better situated during the actual trial to determine the probative value of evidence.  *See id.* (citation omitted).  For that reason, courts are often reluctant to enter pretrial rulings which broadly exclude evidence, unless it is clear that the evidence will be inadmissible on all potential grounds.  *See Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

## II.    Specific Requests

In their Response, plaintiffs agree to the requests set forth in defendants' Motion as numbers 1, 2, 4, 5, and 8.  (Doc. 117 at 2-6).  The Court accordingly finds the Motion **moot** as to those topics.[1]   To the extent that a party seeks to present witness testimony and evidence within the descriptions set forth in those categories, counsel for the party proposing to present such evidence should raise the issue in advance of the witness's testimony, outside the presence of the jury, and should be prepared to present specific legal arguments in support of its position.

Plaintiffs object to defendants' arguments in category numbers 3, 6, 7, 9, 10, 11, and 12, which are discussed below.

### *Request Number 3*

Defendants request that the Court prohibit any reference to defendants' "size, net worth, revenues, profits, or financial condition" as irrelevant and unduly prejudicial under Federal Rule

---

[1] Thus, the parties have agreed to the following: Request Number 1: no references to foreign defendants and out-of-state counsel; Request Number 2: no references to defendants' law firm size; Request Number 4: the rule of sequestration will apply to non-party, non-expert witnesses during trial; Request Number 5: no references to liability insurance; and Request Number 8: no evidence of subsequent remedial measures.

of Evidence 403.  (Doc. 106 at 3).  Plaintiffs argue that "a defendant's wealth is traditionally considered relevant and admissible when assessing punitive damages."  (Doc. 117 at 2). Defendants do not dispute that a defendant's wealth is admissible in the context of punitive damages, but note that the Northern District of Oklahoma typically allows the presentation of evidence regarding the amount of punitive damages only where the jury first finds, by clear and convincing evidence, that the defendant acted with reckless disregard or malice.  (Doc. 125 at 2 (citing *Watson v. Farmers Ins. Co.*, 2014 WL 2457243, at *3 (N.D. Okla. 2014)).

The Court agrees, and accordingly Request Number 3 is **denied** and the trial will be divided into two phases.  In the first phase, the jury will consider the liability, if any, of the defendants, any compensatory damages, and whether the defendants acted with the requisite level of reckless disregard or malice to be held liable for punitive damages.  At this stage, evidence of defendants' wealth will not be admitted.  The trial will proceed to a second phase only if the jury finds, by clear and convincing evidence, that defendants acted with the requisite reckless disregard or malice to be held liable for punitive damages.  *See Okla. Stat.* tit. 23, § 9.1.  In that second phase (if there is one), the jury will consider evidence regarding the amount of punitive damages, if any, to be awarded.

### *Request Number 6*

Defendants argue that the Court should "bar all references to discovery disputes as inaccurate, irrelevant, and prejudicial."  (Doc. 106 at 5).  Plaintiffs respond that "defendants have not cooperated in discovery . . . and have . . . somehow convinced this Court to cut-off Plaintiffs [sic] right to conduct any meaningful discovery."  (Doc. 117 at 3-4).  The Court has twice considered plaintiffs' arguments regarding defendants' purported discovery misconduct.  (Docs. 93, 102).  Any suggestion that defendants have acted improperly with respect to these twice-

decided issues is unwarranted, irrelevant to trial issues, and risks confusing juries unfamiliar with discovery procedures.  Accordingly, the request to exclude evidence or argument that defendants have not complied with discovery requests is **granted**.

### Request Number 7

Defendants argue that plaintiffs should be prohibited from "offer[ing] previously undisclosed expert opinions or evidence that the subject battery contained a manufacturing or design defect." (Doc. 106 at 6-7).  The Court's Order (Doc. 188) granted defendants' summary judgment motion as to plaintiffs' claims of design and manufacturing defects. Accordingly, Request 7 is **moot**.

### Request Number 9

Defendants argue that plaintiffs should be prohibited from "imply[ing] to the jury that they brought this lawsuit . . . to enhance consumer safety or to 'send a message' regarding safety." (Doc. 106 at 8).  In response, plaintiffs argue that this request is overbroad, that evidence regarding consumer safety is relevant to this case, and exclusion of consumer safety evidence would limit their ability to prove negligence.  (Doc. 117 at 7).  Plaintiffs seem to misconstrue defendants' argument, which is narrowly tailored to statements and arguments made by counsel or witnesses that consumer safety is the purpose of the present lawsuit, or "that the jury's decision . . . could protect society and/or make products safer" (Doc. 106 at 9)— defendants do not argue that all evidence of consumer safety is inadmissible.

To be clear, evidence of consumer safety issues generally is relevant, particularly in the context of punitive damages.  *See Moore v. Subaru of Am.*, 891 F.2d 1445, 1452 (10th Cir. 1989) ("Punitive damages are proper against the manufacturer of a product when the injury is attributable to conduct that reflects a reckless disregard for public safety.").  By contrast,

4

arguments or statements regarding consumer safety as the purpose of this litigation have no relevance to any of the claims in this case, and carry a substantial risk of unfair prejudice to defendants. Accordingly, the Court **grants** Request Number 9.

### Request Number 10

Pursuant to Federal Rules of Evidence 702 and 703, defendants argue that plaintiffs should be prohibited from offering "expert testimony regarding Defendants' knowledge or state of mind when they designed, manufactured, or sold the subject battery or drafted the warning at issue because it is outside the realm of permissible expert testimony." (Doc. 106 at 9). Plaintiffs represent that they "do not intend to elicit 'opinion testimony regarding defendants' state of mind' from Dr. Jacobson at trial." (Doc. 117 at 8). The Court accordingly finds Request 10 **moot**.

### Request Number 11

Defendants argue that plaintiffs and their expert should be prohibited from "refer[ring] to occurrences, claims, or complaints of other battery owners." (Doc. 106 at 11). The request is overbroad. Evidence of other accidents is relevant and admissible when the other accidents are "substantially similar" to the subject accident. *Ponder v. Warren Tool Corp.*, 834 F.2d 1553, 1560 (10th Cir. 1987). Before introducing evidence of similar accidents, the party seeking admission of the evidence must demonstrate substantial similarity between other accidents and the accidents before the Court. *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1407 (10th Cir. 1988). A plaintiff may use evidence of other similar accidents to show that a defendant was on notice of a defect or of the potential existence of a defect, or to counter defense witness testimony. *Bitler v. A.O. Smith Corp.*, 391 F.3d 1114, 1126 (10th Cir. 2004). Where the evidence is used to show notice of a defect—as opposed to causation, for example—the

substantial similarity requirement can be relaxed, but the party seeking to admit the evidence must still make some showing of substantial similarity. *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1246-47 (10th Cir. 2000). Finally, defendants draw no distinction between references to other accidents and substantive evidence of those accidents. (*See* Doc. 106 at 11-12). Whereas it is reversible error to admit substantive evidence of other accidents without first making a finding of substantial similarity, in at least some cases other accidents may be mentioned before the jury even in the absence of such a finding. *Rexrode v. Am. Laundry Press Co.*, 674 F.2d 826, 830-31 (10th Cir. 1982).

In this case, the Court will not permit the admission of evidence of other accidents unless plaintiffs first make a showing of substantial similarity outside the presence of the jury. *See, e.g.*, *Moody v. Ford Motor Co.*, 506 F. Supp. 2d 823, 834 (N.D. Okla. 2007) (even where other accidents used to prove knowledge, plaintiffs had a duty to request a hearing outside the presence of the jury to have an opportunity to show substantial similarity). Notwithstanding this admonition, Request Number 11 is **denied** as overbroad.

### Request Number 12

Defendants argue that plaintiffs should be prohibited from "argu[ing] that the battery and its warnings were defective simply because the accident occurred." (Doc. 106 at 12). Plaintiffs object to this request as vague, yet represent that they do not intend to argue that the accident itself is demonstrative of a defect. (Doc. 117 at 9-10). The Court accordingly finds Request 12 **moot**.

IT IS THEREFORE ORDERED that Defendants' Omnibus Motion in Limine (Doc. 106) is **granted in part and denied in part** as set forth above.

SO ORDERED this 18th day of August, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE